UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

**\*\*  CAPITAL CASE  \*\***

CIVIL ACTION NO. 07-CV-32-KKC

THOMAS CLYDE BOWLING, ET AL.                                    PLAINTIFFS

VS:                                      **SHOW CAUSE ORDER**

SCOTT HAAS, ET AL.                                             DEFENDANTS

Plaintiffs Thomas Clyde Bowling ("Bowling"), Ralph Baze ("Baze"), and Jeffrey Leonard, a/k/a James Earl Slaughter ("Leonard"), have submitted a complaint pursuant to the Federal Controlled Substances Act, 21 U.S.C. §801 *et seq.* ("FCSA"), and the Food, Drug, and Cosmetic Act, 21 U.S.C. §301 *et seq.* ("FDCA") [Record No. 5].  The plaintiffs assert that when the defendants carry out their death sentences, the defendants will (1) violate the FCSA by obtaining the chemicals used in the lethal injection protocol without a doctor's prescription and injecting them without a doctor's direct participation, and (2) violate the FDCA by using these chemicals for a purpose not approved by the Food and Drug Administration ("FDA").  The plaintiffs seek a declaration to this effect and injunctive relief to prevent the defendants from violating either federal statute.  The Court has granted their motions for leave to proceed *in forma pauperis* [Record Nos. 1, 2, 3] by separate Order.

Because federal courts are courts of limited jurisdiction, *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003), a district court must satisfy itself that it possesses subject matter jurisdiction over a plaintiff's cause of action.  *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998) ("[q]uite aside from whether the parties raise jurisdictional issues themselves--or even

attempt to consent or agree to federal jurisdiction--federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction.").   In addition, because the plaintiffs are proceeding *in forma pauperis* and seek relief against government officers, the Court is required to review the complaint to ensure that the claims are not frivolous or fail to state a claim.  28 U.S.C. §1915(e)(2); 28 U.S.C. §1915A.

In their complaint, the plaintiffs allege:

> This Court has jurisdiction pursuant to 28 U.S.C. §§1331 (federal question), 1343 (civil rights violation), 1651 (all writs), 2201 (declaratory relief), 2202 (further relief), 21 U.S.C. §332 (enjoining violations of the Federal Food, Drug, and Cosmetic Act); and Fed.R.Civ.P. 65 (injunctions).

Complaint at ¶24.  Of the aforementioned provisions, only two, 28 U.S.C. §1331 and 21 U.S.C. §332, include an affirmative grant of jurisdiction over the claims asserted in the complaint.  A third provision, 28 U.S.C. §1343, grants jurisdiction over civil rights claims, but the plaintiffs do not assert a civil rights claim in their complaint.

With respect to their claims under the FDCA, the statute does not provide a private litigant with an express cause of action for violation of its provisions, and it well-established that no such cause of action should be implied:

> The FDCA provides that "[a]ll such proceedings for the enforcement, or to restrain violations of [the FDCA] shall be by and in the name of the United States."  21 U.S.C. §337(a).  Every federal court that has addressed the issue has held that the FDCA does not create a private right of action to enforce or restrain violations of its provisions and accompanying regulations.  *See Gile v. Optical Radiation Corp.*, 22 F.3d 540, 544 (3d Cir. 1994); *Sandoz*, 902 F.2d at 231; *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105 (2d Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir.1993).  Only the federal government, by way of either the FDA or the Department of Justice, has exclusive jurisdiction to enforce violations of the FDCA.  *See Summit Tech. Inc. v. High-Line Medical Instruments Co.*, 922 F.Supp. 299, 305 (C.D.Cal.1996).

*Eli Lilly & Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 476 (D.N.J. 1998); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 811-12 (1986) (where there is no express private right of action for violation of FDCA, "it would flout congressional intent to provide a private federal remedy for the violation of the federal statute."); *Griffin v. O'Neal, Jones & Feldman, Inc.*, 604 F.Supp. 717, 719-20 (D.Ohio 1985) ("It is clear from the face of the statute that no civil private right of action exists.  Notwithstanding this omission, plaintiffs ask this Court to imply a cause of action because 'there is no language contained in the statute that prohibits a civil claim.' ... [w]e do not hesitate in concluding that Congress intended no private remedy under the FDCA."); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir.1993) ("[Plaintiff], in short, is not empowered to enforce independently the FDCA.").

Plaintiffs' claims under the FCSA suffer from the same deficiencies:  no provision in the Act creates a private cause of action, and established case law indicates that there is no discernible basis to imply one consistent with congressional intent.  *See, e.g., McCallister v. Purdue Pharma L.P.*, 164 F.Supp.2d 783, 793 (S.D.W.Va. 2001) ("The Court agrees with Plaintiffs' representation that a careful review of the [FCSA] establishes no Congressional intent to create a private, civil right of action nor to permit removal..."); *Jackson v. Purdue Pharma Co.*, 2003 WL 21356783, *6 (M.D.Fla. 2003) (unpublished disposition) ("In the instant case, in order to prevail under either the substantial federal question doctrine or the complete preemption doctrine, Defendants would have to show that the FDCA or CSA created the rights Plaintiff seeks to vindicate and a private cause of action to enforce such rights.  Defendants fail to show that Congress clearly intended for removal jurisdiction to be available under either statute for parties defending against common law claims, or state statutory claims.").

-3-

Given the absence of an express statutory cause of action or a basis in well-established precedent to imply one for either of Plaintiffs' claims, the plaintiffs are directed to show cause within thirty (30) days why their complaint should not be dismissed for failure to state a claim and for want of subject matter jurisdiction.  **IT IS SO ORDERED**.

Dated this 7th day of June, 2007.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

-4-