UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT
3:07-CV-00032-KKC
(ELECTRONICALLY FILED)

\*\* CAPITAL CASE \*\*

THOMAS CLYDE BOWLING, et al                                                      PLAINTIFFS

V

SCOTT HAAS, et al                                                                      DEFENDANTS

### ANSWER TO FIRST AMENDED COMPLAINT
### FOR DECLARATORY JUDGMENT

Come now the Defendants, Scott Haas, John D. Rees and Thomas Simpson, by and through counsel, and for their Response to the Plaintiffs' First Amended Complaint in the above-styled action, state the following:

### FIRST DEFENSE

The Amended Complaint fails to state a claim for which relief can be granted, and, therefore, should be dismissed in it entirety.

### SECOND DEFENSE

The Court lacks jurisdiction over the Plaintiffs' claims.

### THIRD DEFENSE

The Plaintiffs' claims are barred by the running of the applicable statute of limitations.

### FOURTH DEFENSE

The Plaintiff's claims are waived by the doctrines of res judicata, waiver, estoppel, or laches.

**FIFTH DEFENSE**

The Plaintiff's unreasonable delay in raising their claims precludes any award of the equitable relief prayed for by Plaintiffs.

**SIXTH DEFENSE**

The Plaintiffs' claims are waived or otherwise mooted due to Plaintiffs' decision not to select electrocution as the method of execution pursuant to KRS 431.220, and thus are not the proper subject matter of this civil action.

**SEVENTH DEFENSE**

1. The allegations of paragraph 1 of the Amended Complaint are statements of legal conclusions which do not require a response by Defendants. The Defendants expressly deny the violation of any statute or rights held by the Plaintiffs.

2. The allegations of paragraph 2 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

3. The Defendants admit the factual allegations of paragraph 3.

4. The allegations of paragraph 4 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

5. The allegations of paragraph 5 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

6. The allegations of paragraph 6 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

7. The allegations of paragraph 7 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

8. The allegations of paragraph 8 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

9. The allegations of paragraph 9 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

10. The Defendants admit that no physician participates in executions, since KRS 431.220(3) prohibits physicians from participating in the conduct of an execution except to certify the cause of death after a condemned inmate has been declared dead. The Defendants otherwise deny the allegations of paragraph 10 of the Amended Complaint. The regulations promulgated by the Federal Drug Enforcement Administration implementing the Controlled Substances Act authorize controlled substances to be handled and administered by a "practitioner," or "institutional practitioner," which are defined in 21 CFR § 1300.01 to include

individuals and entities other than individuals who are authorized under state law to handle or administer controlled substances.

11. The allegations of paragraph 11 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 12, and therefore deny the allegations.

13. The allegations of paragraph 13 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

14. The allegations of paragraph 14 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

15. The allegations of paragraph 15 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

16. The Defendants admit the factual allegations of paragraph 16.

17. The Defendants admit the factual allegations of paragraph 17.

18. The Defendants admit the factual allegations of paragraph 18.

19. The Defendants admit the factual allegations of paragraph 19.

20. The Defendants admit the factual allegations of paragraph 20.

21. The Defendants admit the factual allegations of paragraph 21.

22. The Defendants deny the allegations of paragraph 22 stating that physicians are included on the execution team or otherwise participate in the conduct of any execution, except to certify the cause of death pursuant to KRS 431.220(3) after a condemned inmate has been declared dead. The Defendants admit that emergency medical technicians, phlebotomists, and physicians' assistants are not prohibited from being executioners, and, therefore, are or may be employed or contracted with to serve as execution team members. The Defendants further admit that Defendants refuse to reveal the identities of execution team members, since KRS 45A.720 prohibits the identification of executioners and KRS 45A.990 makes it a Class A Misdemeanor to identify an execution team member.

23. The allegations of paragraph 23 are statements of legal conclusions that do not require a response from the Defendants. The Defendants demand that the Plaintiffs present strict proof of the grounds for the Court's jurisdiction.

24. The Defendants admit that they are residents of Kentucky. The Defendants further admit that Defendant John D. Rees' principle place of business is Frankfort, Kentucky. The Defendants deny all other factual allegations set forth in paragraph 24. The Defendants demand that the Plaintiffs present strict proof that venue is proper.

25. The allegations of paragraph 25 are statements of legal conclusions that do not require a response from Defendants. The Defendants demand that the Plaintiffs present strict proof of the grounds for the Court's jurisdiction.

26. The Defendants admit that Plaintiff Bowling has exhausted all automatic or legitimate avenues of appeal, and that his death sentence is final. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the other factual allegations of paragraph 26, and therefore deny all other allegations of paragraph 26.

27. The Defendants admit that Plaintiff Baze has exhausted all automatic or legitimate avenues of appeal, and that his death sentence is final. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the other factual allegations of paragraph 27, and therefore deny all other allegations of paragraph 27.

28. The Defendants admit that Plaintiff Leonard has exhausted all automatic or legitimate avenues of appeal, and that his death sentence is final. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the other factual allegations of paragraph 28, and therefore deny all other allegations of paragraph 28.

29. The Defendants deny that Defendant Haas is responsible for carrying out executions in Kentucky, since KRS 431.220(3) prohibits physicians from participating in the conduct of executions, except to certify cause of death after the condemned inmate has been declared dead. Defendants admit the other allegations of paragraph 29.

30. The Defendants deny that Defendant Haas intends to carry-out Plaintiffs' execution, since KRS 431.220(3) prohibits physicians from participating in the conduct of executions, except to certify cause of death after the condemned inmate has been declared dead. The Defendants admit the other allegations in paragraph 30.

31. The Defendants admit the allegations of paragraph 30, since KRS 431.220 (3) prohibits physicians from participating in the conduct of an execution, except to certify cause of death after the condemned inmate has been declared dead.

32. The Defendants deny that the Commissioner of the Department of Corrections will purchase the lethal injection chemicals. The Defendants admit that the lethal injection chemicals will be purchased by the Warden of the Kentucky State Penitentiary, in his capacity as

the warden of the institution for which a DEA controlled substance registration certificate has been issued.

33.     The Defendants admit the factual allegations of paragraph 33.

34.     The allegations of paragraph 34 are statements of legal conclusions which do not require a response by the Defendants.  The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

35.     The allegations of paragraph 35 are statements of legal conclusions which do not require a response by the Defendants.  The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

36.     The allegations of paragraph 36 are statements of legal conclusions which do not require a response by the Defendants.  The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

37.     The allegations of paragraph 37 are statements of legal conclusions which do not require a response by the Defendants.  The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

38.     The allegations of paragraph 38 are statements of legal conclusions which do not require a response by the Defendants.  The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

39.     The allegations of paragraph 39 are statements of legal conclusions which do not require a response by the Defendants.  The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

40. The allegations of paragraph 40 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

41. The allegations of paragraph 41 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

42. The Defendants deny the allegations of paragraph 42.

43. The Defendants admit the factual allegations of paragraph 43, since KRS 431.220(3) prohibits physicians from participating in executions, except to certify cause of death after the condemned inmate has been declared dead.

44. The Defendants admit the factual allegations of paragraph 44, since KRS 431.220(3) prohibits physicians from participating in executions, except to certify cause of death after the condemned inmate has been declared dead.

45. The Defendants admit the factual allegations of paragraph 45, since KRS 431.220(3) prohibits physicians from being participating in executions, except to certify cause of death after the condemned inmate has been declared dead.

46. The allegations of paragraph 46 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

47. The allegations of paragraph 47 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

48.     The Defendants admit the factual allegations of paragraph 48, since KRS 431.220(3) prohibits physicians from participating in executions, except to certify cause of death after the condemned inmate has been declared dead.

49.     The allegations of paragraph 49 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

50.     The Defendants are without knowledge of information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and therefore deny the allegations.

51.     The Defendants deny the allegations of paragraph 51.

52.     The allegations of paragraph 52 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

53.     The allegations of paragraph 53 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

54.     The allegations of paragraph 54 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

55.     The Defendants admit the factual allegation of paragraph 55 that the Commissioner affirmed the prior denial of Plaintiffs' group grievance on or about May 1, 2007. The other allegations of paragraph 55 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

56.     The Defendants admit the factual allegation of paragraph 56 that no doctor will participate in the Plaintiffs' executions, since KRS 431.220(3) prohibits physicians from participating in executions, except to confirm the cause of death after the condemned inmate has been declared dead.  The Defendants further admit the factual allegations that sodium thiopental is injected into condemned inmates during the lethal injection process. The Defendants deny all other factual allegations of paragraph 56.  The Defendants specifically deny any allegation that Dr. Haas intends to extinguish the Plaintiffs' lives by injecting them with sodium thiopental, since  KRS 431.220(3) prohibits physicians from participating in executions, except to confirm the cause of death after the condemned inmate has been declared dead.  The other allegations set forth in paragraph 56 are statements of legal conclusions which do not require a response by the Defendants.  The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

57.     The Defendants admit the factual allegation of paragraph 57 that no doctor will participate in the Plaintiffs' executions, since KRS 431.220(3) prohibits physicians from participating in executions, except to confirm cause of death after the condemned inmate has been declared dead. The Defendants further admit the allegations that pancuronium bromide and potassium chloride are injected into condemned inmates during the lethal injection process. The Defendants deny all other factual allegations set forth in paragraph 57.  The Defendants specifically deny any allegation that Dr. Haas intends to extinguish the Plaintiffs' lives by injecting them with pancuronium bromide and potassium chloride, since KRS 431.220(3) prohibits physicians from participating in executions except to confirm the cause of death after the condemned inmate has been declared dead.  The other allegations set forth in paragraph 56

are statements of legal conclusions that do not require a response from the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

58. The Defendants admit the factual allegation of paragraph 58 that no doctor will participate in the Plaintiffs' executions, since KRS 431.220(3) prohibits doctors from participating in executions except to certify cause of death after the condemned inmate has been declared dead. The Defendants further admit the allegations that drugs are injected into condemned inmates during the lethal injection process. The Defendants deny all other factual allegations set forth in paragraph 58. The Defendants specifically deny any allegation that Dr. Haas intends to extinguish the Plaintiffs' lives by injecting them with drugs, since KRS 431.220(3) prohibits physicians from participating in executions, except to confirm the cause of death after the condemned inmate has been declared dead. The other allegations set forth in paragraph 56 are statements of legal conclusions which do not require a response from the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

59. The allegations of paragraph 59 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

60. The allegations of paragraph 60 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

61. The allegations of paragraph 61 are statements of legal conclusions which do not require a response by the Defendants. The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

62.     The allegations of paragraph 62 are statements of legal conclusions which do not require a response by the Defendants.  The Defendants expressly deny the violation of any statute or rights held by Plaintiffs.

**WHEREFORE,** the Defendants demand as follows:

1.     That the Plaintiffs' Complaint be dismissed, with prejudice;

2.     That the Defendants be awarded their costs and fees incurred herein, including an award for attorneys' fees; and

3.     For any and all other proper relief to which the Defendants may appear to be entitled.

Respectfully submitted,

*/s/ John C. Cummings*
_____

Jeffrey T. Middendorf
John C. Cummings
Justice and Public Safety Cabinet
Office of Legal Services
125 Holmes Street
Frankfort, Kentucky 40601
(502) 564-3279 - telephone
(502) 564-6686 – telecopy
*COUNSEL FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2007, I electronically filed the foregoing document with the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing document has been served by electronic notice to the following:

davembarron@yahoo.com and john.palombi@ky.gov.

*/s/ John C. Cummings*

John C. Cummings