UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

**CAPITAL CASE**

FILED ELECTRONICALLY:

CIVIL ACTION NO. 3:07-cv-00032-KKC

THOMAS CLYDE BOWLING, ET AL.                                               PLAINTIFFS

v.

SCOTT HAAS, ET AL                                                          DEFENDANTS

**DEFENDANTS' REPLY MEMORANDUM TO THE PLAINTIFFS'
RESPONSE TO THE COURT'S SHOW CAUSE ORDER**
_____

Come now the Defendants, by and through counsel, and pursuant to the Court's Order entered July 20, 2007, submit this reply memorandum to the Plaintiffs' response to the Court's Show Cause Order entered June 7, 2007.

The Plaintiffs argue that Article III of the United States Constitution broadly extends the jurisdiction of the federal district courts to "all cases, in Law and Equity, arising under this Constitution [or] the Laws of the United States . . . ."  Plaintiffs' Memorandum at 7, *quoting* Article III, Section 2 of the U.S. Constitution.  This argument overlooks the fact that Article III, Section 2 of the U.S. Constitution merely defines the limits on Congress's power to confer jurisdiction on the federal courts. See Mesa v. California, 489 U.S. 121, 136, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989); Verlinden B.V. v. Cent. Bank of Nigeria, 461 U.S. 480, 491, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983); Sheldon v. Sill, 49 U.S. 441, 449 (1850).  To have subject-matter

jurisdiction, the federal district courts need congressional authorization. *See, e.g.,* Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); Palmore v. United States, 411 U.S. 389, 400-402, 93 S.Ct. 1670, 1678, 36 L.Ed.2d 342 (1973). The result is that the Court's federal question jurisdiction is limited to that which is granted under 28 U.S.C. §1331.

In addition, the Plaintiffs argue that interpreting the Federal Food, Drug and Cosmetic Act ("FDCA")[1] or the Federal Controlled Substances Act ("CSA")[2] in a manner that deprives the Court of jurisdiction over the Plaintiffs' cause of action violates the Supremacy Clause of Article VI of the U.S. Constitution. *See* Plaintiffs' Response Memorandum at 3, 13-14. However, this argument ignores the fact that Article I, Section 8 and Article III, Section 1 of the U.S. Constitution leave it to Congress to create and determine the jurisdiction of federal courts besides the United States Supreme Court. As described by the Supreme Court in Sheldon v. Sill, 49 U.S. (8 How.) 441 (1850).

> Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies. Courts created by statute can have no jurisdiction but such as the statute confers. No one of them can assert a just claim to jurisdiction exclusively conferred on another, or withheld from all.
>
> The Constitution has defined the limits of the judicial power of the United States, but has not prescribed how much of it shall be exercised by the Circuit Court; consequently, the statute which does prescribe the limits of their jurisdiction, cannot be in conflict with the Constitution, unless it confers powers not enumerated therein.

Sheldon v. Sill, 49 U.S. at 448

The Supreme Court has reaffirmed this holding repeatedly. *See, e.g*; Ankenbrandt v. Richards, 504 U.S. 689, 697-698, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); Palmore v. United

---

[1] 21 U.S.C. §301 et seq.
[2] 21 U.S.C. §801 et seq.

States, 411 U.S. 389, 400-402, 93 S.Ct. 1670, 1678, 36 L.Ed.2d 342 (1973); Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943); Lauf v. E.G. Shinner & Co., 303 U.S. 323, 330, 58 S.Ct. 578, 82 L.Ed. 872 (1938), Kline v. Burke Construction Co., 260 U.S. 226, 234, 43 S.Ct. 79, 67 L.Ed 226 (1922), Plaquemines Tropical Fruit Co. v. Henderson, 170 U.S. 511, 521, 18 S.Ct. 685, 42 L.Ed. 1126 (1898).  Thus, it does not violate the Supremacy Clause for Congress to decide against granting the federal district courts jurisdiction to entertain private causes of action alleging violations of the FDCA or the CSA.

      Given the lack of substance of the Plaintiffs' constitutional arguments, the Plaintiffs devote most of their Response Memorandum to their argument that 28 U.S.C. §1331 grants the Court jurisdiction to entertain the action.  In the vast majority of cases, federal question jurisdiction under 28 U.S.C. § 1331 is dependant on whether federal law created the cause of action.  Merril Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).   Here, however, the Plaintiffs concede that no private cause of action exists under either the FDCA or the CSA.  Moreover, the Federal Declaratory Judgment Act, 28 U.S.C. §2201, does provide a basis of federal question jurisdiction under 28 U.S.C. § 1331.  The Supreme Court has determined that "the operation of the Declaratory Judgment Act is procedural only." Aetna Life Ins. Co. of Hartford, Conn. V. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617.  The Declaratory Judgment act does not alter or extend the jurisdiction of federal district courts to entertain cases.  Skelly Oil Co. v. Phillips Petroleum Co, 339 U.S. 667, 671, 70 S.Ct. 876, 879 (1950).  [T]he requirements of jurisdiction-the limited subject matters which alone Congress had authorized the District Courts to adjudicate-were not impliedly repealed or modified." Skelly Oil Co., 339 U.S. at 672, 70 S.Ct. at 879, citing Great

Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300, 63 S.Ct. 1070, 1074, 87 L.Ed.1407; Colegrove v. Green, 328 U.S. 549, 551-552, 66 S.Ct. 1198, 1199, 90 L.Ed. 1432.³

Since the Plaintiffs' Amended Complaint does not state an alleged cause of action that is actually created under federal law, the Plaintiffs are left to argue that their cause of action falls within the narrow class of cases in which a party's right to relief is not created under federal law, but necessarily depends upon a substantial question of federal law. *See, e.g.,* Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921). The fundamental problem being overlooked by the Plaintiffs, however, is that the "substantial question of federal law" analysis only applies to *state law* causes of action that implicate substantial question of federal law. ⁴ This inherent limitation is evident in the language quoted by Plaintiffs in their

---

³ The Plaintiffs attempt to blur the distinction of what constitutes a federal law cause of action by selectively citing the U.S. Supreme Court's opinion in Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773 (1946) for the proposition that a party raising federal law cause of action "need not be entitled to relief under federal law for a district court to have jurisdiction over the case," so long as "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another . . . ." Plaintiff's Response Memorandum at 8. In reality, the petitioners in Bell v. Hood sought recovery of damages due to the alleged illegal search and seizure of their property and the illegal deprivation of their liberty without due process of law caused by the acts of the defendant FBI agents, in violation of the petitioners' rights under the Fourth and Fifth Amendments to the U.S. Constitution. Bell v. Hood, 327 U.S. at 679, 66 S.Ct. at 774. The Supreme Court noted that while it had not previously been decided "whether federal courts can grant money recovery for damages said to have been suffered as a result of federal officers violating the Fourth and Fifth Amendments" the claim had sufficient merit to warrant exercise of federal jurisdiction in view of similar cases in which the Supreme Court had "sustained the jurisdiction of the district courts in suits brought to recover damages for depriving a citizen of the right to vote in violation of the Constitution." Bell v. Hood, 327 U.S. at 684, 66 S.Ct. at 777. In contrast, the Plaintiffs in the case *sub judice* concede that no express or implied federal law cause of action exists under either the FDCA or the CSA, and the U.S. Supreme Court has held that the Federal Declaratory Judgment Act is procedural in nature and does provide a basis for exercising federal question jurisdiction.

⁴ Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921). This limitation of the "substantial question of federal law" analysis is evident even in the cases cited by the Plaintiffs as support for their argument that the Court should exercise jurisdiction in the present case. *See* Grable & Sons Metal Products , Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005); Merril Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808-809, 106 S.Ct. 3229, 3232-3233, 92 L.Ed.2d 650 (1986); Long v. Bando Mfg. of America, 201 F.3d 754 (6th Cir. 2000).

In addition to the lack of caselaw in support of the Plaintiffs' argument, it makes no sense to attempt to apply the "substantial question of federal law" analysis to federal law causes of action. Federal question jurisdiction under 28 U.S.C. §1331 already applies to all substantive causes of action created under federal law. It would be an exercise in futility to then analyze an uncognizable federal law to claim to determine whether it involves a "substantial

Response Memorandum from <u>Long v. Bando Mfg. of America, Inc.</u>, 201 F.3d 754 (6th Cir. 2000), stating that federal question jurisdiction may exist "if a substantial federal question of great federal interest is raised by a complaint framed in terms of *state law,* and if resolution of that federal question is necessary to the resolution of *the state law claim.*" Plaintiffs' Response Memorandum at 9, *quoting* <u>Long v. Bando Mfg. of America</u>, 201 F.3d at 764.

In the present case, the Plaintiffs' Amended Complaint fails to allege any state law cause of action. In the absence of an underlying state law cause of action, the legal analysis under 28 U.S.C. § 1331 reverts to the general rule used to determine federal question jurisdiction in the vast majority of cases, under which federal jurisdiction is dependant on whether the complaint states a substantive cause of action created under federal law. In cases such as the one presented here, where the Plaintiffs' Amended Complaint states neither a state law cause of action nor a cognizable federal law cause of action, dismissal for lack of jurisdiction is the only available recourse.

None of the cases cited by the Plaintiffs in their Response Memorandum support their mistaken argument that the "substantial federal question" analysis applies in cases where the complaint fails to allege any state law cause of action. For example, <u>Long v. Bandow Manufacturing of America</u>, 201 F.3d 754 (6th Cir. 2000) involved a state law wrongful discharge claim that remained pending after the plaintiff's federal law claims had all been dismissed. Since no federal law claims remained, the district court looked to see whether the state law wrongful discharge claim involves a substantial and disputed question of federal law and is thus sufficient

---

question of federal law". Presumably, no question of federal law arising out of an uncognizable federal claim would be considered "substantial," and the analysis would result in a determination that federal question jurisdiction was lacking.

to invoke the district court's "arising under" jurisdiction.[5] Ultimately, the Sixth Circuit determined that the state law wrongful discharge claim did not involve a sufficiently substantial question of federal law to justify the exercise of the federal court jurisdiction under 28 U.S.C. § 1331. Without the state law cause of action, the court's inquiry under 28 U.S.C. § 1331 would have ended with its determination that no federal law cause of action was presented.

Similarly, Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) involved a state law quiet title action in which the only disputed legal or factual question was whether the IRS had given adequate notice of federal tax sale to debtor/owner of the property. Despite the lack of any federal law cause of action, the U.S. Supreme Court found that federal question jurisdiction existed because the complaint stated a state law cause of action that raised a substantial, disputed question of federal law sufficient to justify the exercise of federal jurisdiction under 28 U.S.C. § 1331. Grable & Sons Metal Products, Inc., 545 U.S. at 314-315, 125 S.Ct. at 2368. Again, if the complaint had not presented a state law cause of action, the court's inquiry would have ended with determination that the complaint failed to state a federal law cause of action.

It is further noted that even if the Plaintiffs' Amended Complaint had raised a state law cause of action, the Plaintiffs have not raised any federal question that is sufficiently "substantial" to justify the exercise of federal jurisdiction under 28 U.S.C. § 1331. In Grable & Sons Metal Products, Inc., the Supreme Court described the question of whether state law claims involve sufficient federal issues to establish federal question jurisdiction as follows:

> [D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without

---

[5] The state law claim alleged wrongful discharge in violation of public policy, with the violation of public policy being alleged violations of Kentucky's whistleblower statute and federal statutes relating to the theft of trade secrets. *See* 201 F.3d at 757 -757.

> disturbing any congressionally approved balance of federal and state
> judicial responsibilities.

Grable & Sons Metal Products, Inc., 545 U.S. at 314, 125 S.Ct. at 2368

     While the Supreme Court's opinion in Grable & Sons Metal Products , Inc., may have modified some of the points raised dicta in Merril Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808-809, 106 S.Ct. 3229, 3232-3233, 92 L.Ed.2d 650 (1986), it did not overrule the Merril Dow opinion's specific holding that a state cause of action alleging a violation of the Federal Food, Drug, and Cosmetic Act's ("FDCA") did not meet the requirements of federal question jurisdiction. Merril Dow, 478 U.S. at 805-806, 813-817, 106 S.Ct. 3229, 3232-3233, 92 L.Ed.2d 650 (1986). The fact that Congress did not intend for individuals to have a private cause of action for alleged violations of the FDCA or the CSA is an overwhelming indication that Congress did not intend to disturb the congressionally approved balance of federal and state judicial responsibilities by burdening the federal courts with jurisdiction over private state law claims alleging issues touching upon the FDCA or the CSA.  Furthermore, the interpretation of Congressional intent espoused by Plaintiffs would invite and encourage private parties to pile sham state law claims in federal district court as a means of circumventing Congress' decision not to provide a private cause of action under either the FDCA or the CSA.  While the Plaintiffs attempt to minimize the number of cases and the amount of litigation that would result from such an invitation, the Court need only look to the number of §1983 cases filed by death row inmates since the Supreme Court's decision in Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (June 12, 2006) to have an idea of the potential impact.

     In addition, it is noted that the Plaintiffs devote a substantial portion of their Response Memorandum to their argument that the FDCA's and the CSA's lack of any private cause of action is not relevant to the issue of jurisdiction,  but instead goes to the issue of whether a party

has stated a claim for which relief can be granted. *See* Plaintiffs' Response Memorandum at 4-7. The Plaintiffs' argument is erroneous for the reasons stated in greater detail above. The lack of a substantive federal cause of action, combined with the lack of any state law cause of action involving a substantial federal question, leaves the Court with no grounds for asserting federal jurisdiction. *See* Long v. Bandow Manufacturing of America, 201 F.3d 754 (6th Cir. 2000). Furthermore, even if the Plaintiffs' Amended Complaint had included a state law claim, the fact that Congress did not intend for individuals to have a private causes of action under the FDCA and the CSA would be extremely relevant in determining whether the application of federal jurisdiction to state law claims raising FDCA or CSA issues would disturb the congressionally approved balance of federal and state judicial responsibilities.

While the Defendants adamantly assert that the Court lacks jurisdiction to entertain the Plaintiffs' action, the Defendants submit that the distinctions raised by the Plaintiffs between lack of jurisdiction versus failure to state a claim are purely academic. As stated in the Court's Show Cause Order, the action must be dismissed whether the Court determines that it lacks jurisdiction, or whether the Court determines that the Plaintiffs have failed to state a claim upon which relief can be granted. Show Cause Order at 1-2. In the present case, the Defendants submit that the Plaintiffs' action can be dismissed on either grounds. The Court lacks jurisdiction over the action because there is no express or implied private cause of action under either the FDCA or the CSA, and because the Plaintiffs' Amended Complaint fails to allege any other substantive federal law claim that would implicate federal question jurisdiction under 28 U.S.C. §1331. The Amended Complaint also fails to state a claim upon which relief can be granted, given that no private cause of action exists under either the FDCA or the CSA, while the Declaratory Judgment Act and the other federal statutory provisions cited in the Amended

8

Complaint are procedural in nature, not independent, substantive causes of action for which relief can be granted.

For all the forgoing reasons, the Defendants assert that the Plaintiffs have failed to show cause why this action should not be dismissed. The Defendants respectfully ask the Court to bring this litigation to an end by dismissing the Plaintiff's Amended Complaint, with prejudice.

    Respectfully submitted,

    */s/ John C. Cummings*

    _____
    Jeff Middendorf
    John C. Cummings
    Justice & Public Safety Cabinet
    Office of Legal Services
    125 Holmes Street
    Frankfort, Kentucky 40601
    (502) 564-3279
    (502) 564-6686 (fax)
    COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2007, I electronically filed the foregoing document with the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing document has been served by electronic notice to the following: davembarron@yahoo.com and john.palombi@ky.gov.

*/s/ John C. Cummings*
_____
Counsel for Defendants