UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

**   CAPITAL CASE   **

CIVIL ACTION NO. 3:07-CV-32-KKC

THOMAS CLYDE BOWLING, ET AL.                                           PLAINTIFFS

VS:                                         **ORDER**

SCOTT HAAS, ET AL.                                                     DEFENDANTS

\* \* \*   \* \* \*   \* \* \*

This matter is before the Court for consideration of several motions filed by the

parties:

1.      Plaintiff Ralph Baze's *Emergency Motion for a Preliminary Injunction Barring Defendants from Executing Plaintiff Ralph Baze on September 25, 2007*.  [Record No. 28]

2.      Plaintiffs' *Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c)*.  [Record No. 29]

3.      Plaintiffs' *Emergency Motion to Expedite Ruling on Subject Matter Jurisdiction and Whether Plaintiffs have Stated a Claim Upon Which Relief can be Granted (Order on Show Cause Briefing)*.  [Record No. 30]

4.      Plaintiff Jeoffrey Leonard's *Motion to Withdraw as Plaintiff*.  [Record No. 41]

The Court will address each of these motions below.

**1.      Leonard's *Motion to Withdraw as Plaintiff*.**

Plaintiff Jeoffrey Leonard has filed a motion to "withdraw" as a plaintiff in this action.

[Record No. 41]  Leonard advised the Court that on December 10, 2007, the Governor of

Kentucky commuted his death sentence to a sentence of life imprisonment without the

possibility of parole, thus rendering him without standing to challenge Kentucky's

possession or use of chemicals subject to the federal Controlled Substances Act, 21

U.S.C. § 801 *et seq.* ("CSA") or the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*

("FDCA") in carrying out a sentence of death by lethal injection.  The Defendants have not

filed a response to this motion.

Although Leonard does not expressly identify his request as one for dismissal

pursuant to Federal Rule of Civil Procedure 41(a), the Court construes his motion as

having been made pursuant to that rule.  The Rule provides that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the
> plaintiff's request only by court order, on terms that the court considers
> proper.  If a defendant has pleaded a counterclaim before being served with
> the plaintiff's motion to dismiss, the action may be dismissed over the
> defendant's objection only if the counterclaim can remain pending for
> independent adjudication.  Unless the order states otherwise, a dismissal
> under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).  In determining whether to grant the motion, the Court must

consider any possible prejudice to the defendant, *Mercer Tool Corp. v. Friedr. Dick GmbH*,

175 F.R.D. 173, 175 (E.D.N.Y. 1997), and where dismissal is warranted, enter dismissal

upon such terms as are appropriate to ameliorate that prejudice to the extent possible.

Where the plaintiff does not specify whether he seeks dismissal with or without prejudice,

the trial court is within its discretion to elect either option in light of the reason given for

seeking dismissal and the procedural posture of the case.  *Hargis v. Foster*, 312 F.3d 404,

412 (9th Cir. 2002); *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998).

In light of the foregoing, the Court concludes that Leonard's motion should be

granted and his claims dismissed with prejudice.  Leonard indicates that the Governor has

commuted his death sentence to one of life without possibility of parole.  Accordingly, Leonard lacks standing now and in the future to contest the manner of carrying out a sentence which he no longer must face.  *Cf. Fletcher v. Graham*, Ky., 192 S.W.3d 350, 362-63 (2006).

**2. Plaintiff Ralph Baze's *Emergency Motion for a Preliminary Injunction Barring Defendants from Executing Plaintiff Ralph Baze on September 25, 2007* and Plaintiffs' *Emergency Motion to Expedite Ruling on Subject Matter Jurisdiction and Whether Plaintiffs have Stated a Claim Upon Which Relief can be Granted (Order on Show Cause Briefing)*.**

On June 7, 2007, the Court entered an Order directing Plaintiffs to show cause why their Complaint should not be dismissed for lack of subject matter jurisdiction in the absence of an express private right of action to enforce the provisions of either the CSA or the FDCA, and an established body of case law denying the existence of an implied cause of action. [Record No. 9]  Plaintiffs responded by filing an amended complaint which struck any request for injunctive relief, and a Response which argued that because they sought solely declaratory relief, the Plaintiffs were not seeking to "enforce" the provisions of the federal laws. [Record Nos. 12, 16]  At the request of the Court, on August 15, 2007 Defendants filed a Reply on this issue.  [Record No. 27]

Two days before that date on August 13, 2007, the Attorney General of Kentucky filed a request with the Kentucky Governor's Office that an execution date be set for Baze. On August 22, 2007, the Governor signed the death warrant, setting September 25, 2007 as the date of execution.

Two days later, Baze filed his emergency motion seeking injunctive relief to prevent Kentucky from carrying out his execution.  [Record No. 28]   Baze asserted that the

injunction should be issued in order to prevent the issues presented in his Complaint from being mooted by his impending execution.  Baze subsequently filed a motion seeking an expedited ruling on the jurisdictional question raised *sua sponte* by the Court [Record No. 30], noting that a decision on that issue was a necessary prerequisite to addressing his separately-filed emergency motion for partial judgment on the pleadings.  [Record No. 29] As with his request for injunctive relief, the request for expedited consideration was based upon his approaching execution date.

Baze also filed similar motions seeking injunctive relief in another case pending before this Court, *Brian Keith Moore v. John D. Rees et al.*, 06-CV-22, Eastern District of Kentucky.  In that case, several Kentucky inmates under a sentence of death challenge the constitutionality of Kentucky's method of carrying out an execution by lethal injection.  Baze had filed a motion seeking permission to intervene, which remained pending at the time the Governor signed the warrant for his execution.  When the warrant was signed, Baze filed a number of motions seeking injunctive relief on various grounds.  [Record Nos. 161-169 therein]

On August 31, 2007, the Court entered an Order advising the parties that it was aware of the approaching execution date, would rule on Baze's request to intervene promptly, and would order injunctive relief if it was necessary to preserve the Court's jurisdiction over the controversy presented.  [Record No. 174] The need for such injunctive relief was obviated shortly thereafter when the Kentucky Supreme Court issued a stay of execution on September 12, 2007.  The United States Supreme Court subsequently granted Baze's petition for a writ of *certiorari* in *Ralph Baze and Thomas C. Bowling v. Jonathan D. Rees, et al.*, Civil Action No. 04-CI-1094, Franklin Circuit Court, a case

initiated by Baze in the Kentucky state courts raising a functionally-identical challenge to Kentucky's implementation of its lethal injection protocol as violative of the Eighth Amendment's "Cruel and Unusual Punishments" Clause. Baze's originally scheduled execution date on September 25, 2007 has come and gone with the Kentucky Supreme Court's stay of execution remaining in place since that time.

Because the stay of execution entered by the Kentucky Supreme Court on September 12, 2007, is still in effect, and appears likely to remain so pending the United States Supreme Court's decision, Baze's motion seeking injunctive relief and expedited decision on the jurisdictional question raised in this case in light of his impending execution will be denied as moot, and in light of the considerations discussed immediately below.

3.    **Plaintiffs'** *Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c).*

On August 27, 2007, Plaintiffs filed an emergency motion seeking a judgment on the pleadings, arguing that the Defendants' statements in their Answer established that Kentucky's actions in carrying out its lethal injection protocol do not comply with the CSA or FDCA. [Record No. 29] The Plaintiffs subsequently acknowledged, however, that "the jurisdictional question is a threshold question in this case," and that "an expedited ruling on [the jurisdictional] issue is necessary for this Court to be able to entertain the emergency motion for judgment on the pleadings." [Record No. 30 at pg. 2-3]

The Court concurs that the ability of the Plaintiffs to seek relief under the CSA or FDCA, whether injunctive or strictly declaratory, is a threshold question which must be addressed before any resolution of the merits, whether by judgment on the pleadings, summary judgment, or trial. At a minimum, Plaintiffs' motion for judgment on the pleadings

would have to be denied without prejudice or deferred pending resolution of that issue. However, the Court must address an even-more preliminary issue before addressing that question.

On September 25, 2007, the Court entered a Memorandum Opinion and Order in the *Moore* case denying Baze leave to intervene in that action on the ground that his claims were barred by application of Kentucky's rules on claim preclusion. [Record No. 188 therein]  On September 26, 2007, the Court denied Bowling leave to intervene in that action on the same ground, that his claims were barred by claim preclusion under Kentucky law. [Record No. 190 therein]  With respect to both proposed intervenors, the Court concluded that their involvement as co-plaintiffs in prior state court litigation challenging Kentucky's lethal injection protocol as violative of their constitutional rights barred the claims they sought to assert in *Moore*.

As the Court noted in those Orders, under Kentucky law, claim preclusion applies to bar "not only to the issues disposed of in the first action, but to every point which properly belonged to the subject of the litigation in the first action and which in the exercise of reasonable diligence might have been brought forward at the time." *May v. Webb*, Ky.App., 2004 WL 1699910 (2004); *Whittaker v. Cecil*, Ky., 69 S.W.3d 69, 72 (2002) (final judgment precludes subsequent litigation of claims that were or could have been presented in the prior action).  In the prior action, Baze and Bowling sought a determination that their execution by Kentucky officials would violate the Eighth Amendment to the Constitution; in the present action, Baze and Bowling seek a determination that this same execution by Kentucky officials would violate two federal statutes.  In light of the foregoing, the Court

-6-

determines that the best course is to deny the Plaintiffs' motion for partial judgment on the pleadings without prejudice and direct the parties to submit briefing on the possible application of claim preclusion to the matters presented in their Complaint.

## CONCLUSION

Accordingly, the Court being sufficiently advised,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      Plaintiff Jeoffrey Leonard's *Motion to Withdraw as Plaintiff* [Record No. 41] is **GRANTED**.  The Intervenor Complaint filed by Jeoffrey Leonard is **DISMISSED WITH PREJUDICE.**  An appropriate Judgment shall be entered contemporaneously herewith.

2.      Plaintiff Ralph Baze's *Emergency Motion for a Preliminary Injunction Barring Defendants from Executing Plaintiff Ralph Baze on September 25, 2007* [Record No. 28] is **DENIED AS MOOT.**

3.      Plaintiffs' *Emergency Motion to Expedite Ruling on Subject Matter Jurisdiction and Whether Plaintiffs have Stated a Claim Upon Which Relief can be Granted (Order on Show Cause Briefing)* [Record No. 30] is **DENIED AS MOOT.**

4.      Plaintiffs' *Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c)* [Record No. 29] is **DENIED WITHOUT PREJUDICE.**

5.      The Plaintiffs shall file a single memorandum of law, not to exceed fifteen (15) pages in length, addressing any possible application of claim preclusion to the claims asserted herein, within forty-five (45) days after entry of this Order.  The Defendants shall file a single memorandum of law, not to exceed fifteen (15) pages in length, in response within thirty (30) days after the Plaintiffs file their memorandum.  The Plaintiffs may file a

single memorandum of law, not to exceed ten (10) pages in length, in reply within fifteen (15) days after the Defendants file their response.

Dated this the 20th day of March, 2008.

Signed By:

**_Karen K. Caldwell_**

**United States District Judge**