**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT FRANKFORT**

**ELECTRONICALLY FILED**

|  |  |  |
|---|---|---|
| | ) | |
| THOMAS CLYDE BOWLING, *et al.* | ) | |
| | ) | |
| Plaintiffs | ) | CIVIL ACTION # 3:07-cv-32 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT HAAS, *et al* | ) | **CAPITAL CASE** |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFFS' BRIEF ON THE**
**POSSIBLE APPLICATION OF CLAIM PRECLUSION**

Plaintiffs, Thomas Clyde Bowling and Ralph Baze hereby file this brief in compliance

with this Court's March 20, 2008 Order to address whether the doctrine of claim

preclusion applies to this action, which argues Defendants are violating the Food, Drug

and Cosmetic Act (FDCA), and the Federal Controlled Substances Act (FCSA) because a

doctor is neither prescribing nor administering the lethal injection chemicals during an

execution and the FDA has not approved the use of the lethal injection chemicals for the

purpose of carrying out an execution. As will be shown below, claim preclusion

principles do not bar this action.  Thus, this Court must reject the affirmative defense of

*res judicata* and allow this action to go forward.

**ARGUMENT**

**The doctrine of claim preclusion does not bar either the FDCA or FCSA claims in this case from going forward because Plaintiffs could not raise those claims in a state court lawsuit arguing that the chemicals and procedures Defendants intended to use to carry out their executions violated the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution.**

This action asks this Court to declare that the Defendants method of obtaining and administering certain drugs violate the Food, Drug and Cosmetic Act and the Controlled Substances Act.  Specifically, the complaint alleges that Defendants violate the Food, Drug and Cosmetic Act by injecting plaintiffs with drugs not approved for the purpose of lethal injection and violate the Controlled Substances Act by dispensing the drug without supervision of a licensed physician.   These claims were not litigated in Plaintiffs' state court action on the Eighth Amendment constitutionality of the chemicals and procedures Defendants use to carry out lethal injections.  While it might appear that claim preclusion bars this Court from deciding Plaintiffs' claims, Kentucky claim preclusion law, which governs this question, indicates that it does not.

First, Kentucky law recognizes that claim preclusion does not bar a subsequent lawsuit on a claim when the court hearing the first suit did not have jurisdiction to hear that claim. Second, Kentucky law recognizes that claim preclusion does not bar a claim when state law did not require a party to raise the claim in the prior lawsuit.

The FDCA grants the federal courts exclusive jurisdiction to enjoin actions and expressly authorizes actions arising under the FDCA to be filed outside of federal court in a limited situation not applicable here. By doing so, Congress expressed its intent to occupy the field by requiring FDCA litigation to occur in federal court. Thus, the state

2

court that decided Plaintiffs' prior lawsuit did not have jurisdiction to address a claim arising under the FDCA.

Likewise, the FCSA does not permit litigation arising under the statute to be litigated in state court and, while it expressly says it does not occupy the field, it says the FCSA controls when it conflicts with state law.  If these issues had been litigated in state court and Plaintiffs prevailed, the state court would be issuing an order that binds a federal court on an interpretation of a federal statute. The Supremacy Clause and the language of the FCSA prohibit this. Thus, the state court did not have jurisdiction over a claim arising under the FCSA.

If this Court disagrees with either or both of these arguments, Kentucky claim preclusion law still allows this case to go forward.  Kentucky only prohibits an action when Kentucky law required the claim to be presented in the prior litigation.  No state law would have required Plaintiffs to have raised their FCSA or FDCA claims while litigating the Eighth Amendment constitutionality of the chemicals and procedures Defendants use to carry out lethal injections. This is particularly true when the basis for the FCSA claim was not even learned until depositions were taken in the previous lawsuit.  Therefore, even if Plaintiffs could have presented these claims in state court, they were not obligated to do so, meaning that claim preclusion does not bar this Court from deciding those claims in this action.

Each of these arguments and the governing law are discussed more fully below.

**A.      The claim preclusive effect of state court judgments in federal court**

To determine the claim preclusive effect of a state court judgment in federal court, federal courts are required to use state claim preclusion principles,[1] even where the federal suit invokes federal question jurisdiction.[2]  A federal court may rely on state law claim preclusion principles when the state and federal courts have concurrent jurisdiction.[3]  Finally, a state court judgment can have a claim preclusive effect even on cases that are within the exclusive jurisdiction of the federal courts.[4]  Given these rules, this court must turn to Kentucky claim preclusion law to determine whether this suit is barred.

## B.     Kentucky Claim Preclusion Law

Kentucky claim preclusion law begins with the traditional concepts of *res judicata. Res judicata* bars subsequent suits between parties and their privies on any cause of action that was previously decided on the merits.[5]  A final judgment on the merits from a court of competent jurisdiction is conclusive of all facts and claims between the parties and their privies in all other actions.[6]  But, there are exceptions.

> (1) When any of the following circumstances exists, the general rule of [claim preclusion] does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
> *(c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts* or restrictions

---

[1] U.S. Const. Art. IV, §1;  28 U.S.C. §1738 ("Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.")

[2] *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 480 (1985).

[3] *FDIC v. Eckhardt,* 691 F.2d 245, 247-48 (6th Cir. 1982).

[4]  *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982) (state court judgment can have preclusive effect on case brought under Title VII of the Civil Rights Act of 1964); *Becher v. Contoure Laboratories*, 279 U.S. 388 (1929) (state court judgment can have preclusive effect on patent suit that could not have been brought in state court).

[5] *City of Louisville v. Louisville Professional Firefighters Association,* 813 S.W.2d 804, 806 (Ky. 1991).

[6] *Yeoman v. Commonwealth Health Policy Board,* 983 S.W.2d 459, 464 (Ky. 1998).

> on their authority to entertain multiple theories or demands for multiple
> remedies or forms of relief in a single action, and the plaintiff desires in
> the second action to rely on that theory or to seek that remedy or form of
> relief;[7]

Therefore, if the claims in this action could not have been brought in Plaintiffs' state court action they are not barred by principles of claim preclusion.

Another exception exists where the claim could have been but did not have to be raised in state court.  Under Kentucky claim preclusion law, unless Kentucky law required a claim to be raised as part of a prior lawsuit, claim preclusion does not bar a court from deciding the claim in a future law suit.

In *Buis v. Elliott*,[8] the parties had been co-defendants in a case brought by a third party.  Buis was found liable to the plaintiff in that case, and in turn, Buis sued Elliott. The trial court did not decide any claim between Buis or Elliott in that action.  Elliott argued that Buis' suit was barred under concepts of claim preclusion because Buis could have filed a cross-claim in the original case.  The Kentucky Supreme Court held that the suit was not barred because, under Kentucky law, cross-claims are permissive, not compulsory.[9]  Specifically, the Court held:

> As a result, the rights and liabilities between Appellant and the Elliotts
> were not, nor were they required to be, determined by "an existing final
> judgment rendered upon the merits" in the original action. Appellant did
> not have the opportunity to actually litigate the issue of the Elliotts'
> possible liability to Appellant for indemnification or breach of contract,
> thus neither is he collaterally estopped from bringing the current action.[10]

---

[7] Restatement (Second) of Judgments, §26(1)(c) (*cited with approval in*, *Capital Holding Corp. v. Bailey,* 873 S.W.2d 187 (Ky. 1994)).
[8] 142 S.W.3d 137 (Ky. 2004).
[9] *Id*. at 141 (*citing* Kentucky Rules of Civil Procedure, Rule 13.07).
[10] *Id.*

Therefore, an exception to claim preclusion principles exists in Kentucky law even when a claim could have been brought in a previous action, if it was not required to be brought in that previous action.

   **C.    Because state courts do not have jurisdiction to hear actions solely based on the FDCA and FCSA, claim preclusion does not bar this Court from deciding the FDCA and FCSA claims presented in this action.**

   As Plaintiffs argued in their briefing to show cause why this case should not be dismissed for lack of jurisdiction, there exists a private right of action in federal court for declaratory judgment of rights under the FDCA and the FCSA.  The question here is whether this action could have been maintained as part of the previous state court action where Plaintiffs asked a state court to find that the chemicals and procedures used in lethal injection create a risk of pain that violates the Eighth Amendment to the United States Constitution. If not, Kentucky claim preclusion law does not prohibit a subsequent suit raising those issues.  As will be shown below, Plaintiffs could not have brought an action in state court in Kentucky to declare rights under the FDCA or the FCSA; therefore, claim preclusion does not bar them from raising those claims before this Court.

   K.R.S. 418.040 grants Kentucky circuit courts jurisdiction over lawsuits seeking a declaration of rights.  Typically, those cases are brought to declare a plaintiff's rights under state statutes or the state constitution or the federal constitution, and are binding on those parties.  Undersigned counsel have not found any cases where an action was brought under Kentucky Rules of Criminal Procedure, Rule 57 to declare a plaintiff's rights under a federal statute.  This seems natural, given that a state court's interpretation

of a federal statute is not entitled to any deference by a federal court,[11] and a case that is brought in state court under a federal statute can always be removed to federal court.[12]

The lack of authority of a state court to make a binding interpretation of a federal statute also makes sense in light of the Supremacy Clause of the United States Constitution, which invalidates state laws that interfere with or are contrary to federal law.[13]  There are three types of preemption:  1) "express" preemption, where Congress specifically indicates that it is preempting state law on a topic; 2) "field" preemption, where Congress' intent to preempt can be inferred because the regulatory scheme it set up is comprehensive; and, 3) "conflict" preemption where state law is nullified to the extent that it conflicts with federal law on the same topic.[14]  It is the second type of preemption that applies with regard to the FDCA and the third type of preemption that applies with regard to the FCSA.[15]

The FDCA grants authority to "the district courts of the United States" to enjoin violations of 21 U.S.C. §331.[16]  The district courts also have the jurisdiction to seize items in interstate commerce that violate the FDCA.[17]  Finally, the only provision in the FDCA that authorizes an action to be brought outside the federal court system is an action brought by a state to enforce certain food related provisions of the Act if the food is located in that state.[18]  By expressly authorizing one type of litigation under the FDCA to be brought outside of a federal court and not mentioning any others in state court,

---

[11] *United States v. Miami University et al.*, 294 F.3d 797, 811 (6th Cir. 2002).
[12] *See Kuhnle Brothers, Inc. v. County of Geauga,* 103 F.3d 516, 520 (6th Cir. 1997) (noting that defendants in §1983 actions brought in state court in Ohio will always be able to remove those cases to federal court).
[13] *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1 (1824).
[14] *See*, *e.g.*, *Hillsborough County v. Automated Med. Labs. Inc.,* 471 U.S. 707, 713 (1985).
[15] 21 U.S.C. §708.
[16] 21 U.S.C. §332(a).
[17] 21 U.S.C. §334(a)(1).
[18] 21 U.S.C. §337(b)(1).

Congress intended to limit the type of actions under the FDCA that can be brought in state court and to exclude actions not expressly mentioned by the statute.  These aspects of the FDCA indicate Congress' intent to occupy the field by having federal courts resolve questions arising under the FDCA.  And, as will be shown below with the FCSA, when Congress does not want to occupy the field, Congress expressly says so.  Congress did not do so here. Thus, principles of statutory interpretation also establish that Congress intended to occupy the field with regard to litigation arising under the FDCA.

It is not appropriate for a state court to interpret 21 U.S.C. §829 of the FCSA, which is at issue in this case.  §829 is in Part C of the Controlled Substances Act.  Part C is titled "Registration of Manufacturers, Distributors and Dispensers of Controlled Substances."  It leaves such matters to the Attorney General of the United States.[19]  It would violate the Supremacy Clause, as noted above, if a state court were interpreting statutes that the Attorney General of the United States is specifically authorized to enforce and implement.

For these reasons, Plaintiffs could not have brought this action in state court.  But, should this Court disagree, claim preclusion still does not bar this Court from deciding the merits of Plaintiffs' claims. As discussed previously, under Kentucky law, claim preclusion only operates as a bar to future litigation where a party was obligated to raise a particular claim in state court.  Nothing in Kentucky law required Plaintiffs to raise their FDCA or FCSA claims in state court when challenging the Eighth Amendment constitutionality of the chemicals and procedures Defendants use to carry out lethal injections.

---

[19] 21 U.S.C. § 821.

As noted above, Plaintiffs did not learn how Defendants obtained the drugs used to conduct a lethal injection until after depositions were taken in the state court lawsuit. There is no requirement in Kentucky law that plaintiffs amend a complaint to add new claims based on information learned in discovery.  Any amendment of a complaint after a responsive pleading is filed is solely left to the discretion of the trial court.  Therefore, if such an amendment can be rejected at the trial court's discretion, it cannot be required.

In sum, whether Plaintiffs could not have raised their claims in state court or could have but did not, under Kentucky claim preclusion law, the result is the same - - claim preclusion does not bar this Court from deciding the merits of the claims Plaintiffs present in this action.

## CONCLUSION

The doctrine of claim preclusion does not prohibit this Court from deciding the merits of Plaintiffs' claims.  As detailed above, this Court must apply Kentucky's claim preclusion law to determine whether the present action is barred by the previous litigation in state court alleging that the chemicals and procedures Defendants use to carry out lethal injections violate the Eighth Amendment to the United States Constitution. Kentucky claim preclusion law does not prohibit a subsequent lawsuit raising claims that the first court did not have jurisdiction to hear or that state law did not require to be raised in the first action.  Because both of these exceptions to claim preclusion apply here, claim preclusion does not operate as a bar to this Court deciding the merits of Plaintiffs' claims.

When a state court has no authority to hear a plaintiff's claim, that claim may be brought in a subsequent suit in federal court to adjudicate the plaintiff's rights under the federal statute in question.  Because the state court had no authority to issue a binding

declaration of plaintiffs' rights under the FDCA *or* under the FCSA, Plaintiffs could not have brought this present action in state court, and even if this Court rules otherwise, Kentucky law did not obligate them to raise the claim in state court. Thus, claim preclusion does not operate as a bar to this Court considering the merits of Plaintiffs' claims.

RESPECTFULLY SUBMITTED,

*/s/ John Anthony Palombi*

_____

DAVID M. BARRON
JOHN ANTHONY PALOMBI
Assistant Public Advocates
Kentucky Dept. of Public Advocacy
100 Fair Oaks Lane, Suite 301
Frankfort, Kentucky 40601
502-564-3948 (office)
502-564-3949 (fax)

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Court by using the CM/ECF system, on May 5, 2008.

*/s/ John Anthony Palombi*

_____

COUNSEL FOR PLAINTIFFS