UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

ELECTRONICALLY FILED

|  |  |  |
|---|---|---|
| THOMAS CLYDE BOWLING, *et al.* | ) ) ) | |
| Plaintiffs | ) ) | CIVIL ACTION # 3:07-cv-32 |
| v. | ) ) ) | |
| SCOTT HAAS, *et al* | ) ) ) | CAPITAL CASE |
| Defendants | ) ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE BRIEF
ON THE QUESTION OF CLAIM PRECLUSION**

Plaintiffs, Thomas Bowling and Ralph Baze hereby file their reply to Defendants' response to the briefing on the issue of whether the underlying complaint in this case is barred by *res judicata*. While Defendants discuss the facts of the crimes at the outset of their pleading, the only fact relevant to the issue before this Court is when Plaintiffs reasonably should have known of how Defendants obtain and administer the lethal injection chemicals. That the information currently known was learned from the Deposition of Dr. Haas is not in dispute. Plaintiffs' initial brief thoroughly addresses that fact. Further, the parties are in agreement that the primary tenet of Kentucky's claim preclusion law is that with certain exceptions, a claim left out of one lawsuit between parties cannot be presented in a subsequent suit between the same parties. With the exception of how the *Buis* decision impacts the doctrine of claim preclusion, Plaintiffs' initial brief on *res judicata* thoroughly addresses the issue before this Court and refutes

Defendants' arguments. Thus, in this reply, Plaintiffs address only the application of the *Buis* case to the doctrine of claim preclusion.

Without any legal argument explaining its position other than a footnote, Defendants argue that "[t]he reason that claim preclusion did not apply in *Buis* [175 S.W.3d 147 (Ky 2004)] was because the Supreme Court of Kentucky held that a prior default judgment against a vendor of land and a subsequent purchaser did not amount to an adjudication on the merits as to the subsequent purchaser's cross-claims against the vendor." [Docket No. 43 at 12]. Defendants' "argument" takes the *Buis* case out of context. As explained below, Plaintiffs' interpretation of Buis and what it means with regard to the application of the doctrine of claim preclusion to this case is not "unique" but consistently explains the case in the context of Kentucky claim preclusion law.

Buis and the Elliotts were co-defendants in a suit brought by Cox. The Elliotts convinced Buis to allow a default judgment to be entered against him. After the Elliotts did not pay Buis the money to repay him for the judgment, Buis sued the Elliotts and they. raised the defense of *res judicata*. The Kentucky Supreme Court concluded that Buis' claim was not barred, holding:

> Appellant was not required to file a cross-claim in the original action, as cross-claims in Kentucky are merely permissive and not compulsory. Cr 13.07. As a result, the rights and liabilities between Appellant and the Elliotts were not, nor were they required to be, determined by "an existing final judgment rendered upon the merits" in the original action. Yeoman, 983 S.W.2d at 464. Appellant did not have the opportunity to actually litigate the issue of the Elliotts' possible liability to Appellant for indemnification or breach of contract, thus neither is he collaterally estopped from bringing the current action. Id. at 465. *Buis* at 142.

The key phrase in that paragraph is "nor were they required to be" determined. Buis could have brought his claim against the Elliotts in the original suit as a cross-claim, but

he chose not to, and it was not litigated. The Kentucky Supreme Court held that despite the fact that Buis could have filed this claim, and chose not to do so, his later claim was not barred because he was not required to bring it. This case is similar to *Buis*.

The claim in this suit has never been litigated. Plaintiffs learned of this claim during the previous litigation. Plaintiffs have made alternative arguments supporting their contention that this action was not required to be brought in the same suit as the original lethal injection litigation. One argument was that the federal court has exclusive jurisdiction over claims involving the Controlled Substances Act. The *Buis* argument is an alternative argument. The arguments are not contradictory. The *Buis* holding would only come into play in this case if this court found that the federal courts did not have exclusive jurisdiction over this case. As Plaintiffs set out in their initial brief, there is no requirement in Kentucky law that a plaintiff must amend a complaint with a claim that only becomes evident during litigation. Therefore, under *Buis,* these plaintiffs are authorized to bring this claim now in a second suit.

In sum, the claim could not have been brought in Plaintiffs' previous state court litigation because Plaintiffs were not aware of the claim prior to filing that suit, and they were not required to amend their complaint during the pendency of that action once they learned of the claim through discovery. Thus, the doctrine of claim preclusion does not bar this action from proceeding.

**CONCLUSION**

For the above reasons and those presented in their original response to this Court's order, Plaintiffs request that this court find that their claim is not barred by *res judicata.*

RESPECTFULLY SUBMITTED,

*/s/ John Anthony Palombi*
_____
 DAVID M. BARRON
JOHN ANTHONY PALOMBI
Assistant Public Advocates
Kentucky Department of Public Advocacy
100 Fair Oaks Lane, Suite 301
Frankfort, Kentucky 40601
502-564-3948 (office)
502-564-3949 (fax)

June 19, 2008.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was electronically filed with the Court by using the CM/ECF system, on this 19th day of June, 2008.


    */s/ John Anthony Palombi*
    _____
    COUNSEL FOR PLAINTIFFS